**\*\*\*NOT FOR PUBLICATION\*\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADVANCED TECHNOLOGIES AND INSTALLATION CORPORATION, a Washington Corporation doing business as TELECOM NETWORK SPECIALISTS, : Plaintiff, : v. : NOKIA SIEMENS NETWORKS US, LLC, a Delaware Limited Liability Company, : Defendant. | Civil Action No. 09-cv-6233 (FLW) OPINION |

**WOLFSON, United States District Judge:**

     Presently before the Court is a motion for reconsideration filed by Plaintiff Advanced Technologies and Installation Corporation d/b/a Telecom Network Specialists ("Telecom"), challenging this Court's denial of its motion to remand the Complaint filed by Defendant Nokia Siemens Networks US, LLC ("Nokia"). For the reasons that follow, the Court grants Plaintiff's motion for reconsideration but denies its request to order remand.

**I.    Statement of Facts and Procedural History**

     The pertinent facts are fully set forth in the Court's September 2, 2010 decision denying Telecom's motion for remand, and only those facts necessary for disposition of the instant motion are repeated here.

     Plaintiff Telecom, a Washington corporation, entered into a written Master

Services Agreement ("Agreement") to provide telecommunications infrastructure, such as cellular telephone towers, for Defendant Nokia's client, T-Mobile Wireless/T-Mobile USA ("the Project"). Compl., ¶¶ 1-2. According to the Complaint, Nokia breached the Agreement by refusing to pay Telecom for numerous base and out-of-scope services amounting to over 3 million dollars. When the parties were not successful in attempting to resolve their dispute, Telecom filed the instant complaint in the Superior Court of New Jersey, Law Division, Somerset County, on October 23, 2009.

The suit was removed to this Court by Defendant, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on December 10, 2009. On January 6, 2010, Defendant filed a motion to transfer venue to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Subsequently, on January 8, 2010, Plaintiff moved to remand based on Defendant's purported failure to plead diversity of citizenship of the parties. Upon hearing both motions, the Court denied Telecom's motion to remand and granted Nokia's motion to transfer venue to the Northern District of Texas.

In connection with its decision to remand, the Court rejected Telecom's argument that the parties are not diverse and, therefore, that Nokia's removal was improper under 28 U.S.C. § 1331. The Court reasoned:

> In its Notice of Removal, Nokia indicated that Nokia is a wholly-owned subsidiary of NSN Holdings, and that NSN Holdings is a Delaware corporation with a principal of business also in Delaware. Notice of Removal, ¶ 3. Telecom contends that the Notice failed to identify each of its members and their citizenship, and that this omission is critical because the citizenship of an LLC, such as Nokia, is determined by reference to the citizenship of each of its members. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592

> F.3d 412, 420 (3d Cir. 2010). In that Nokia is a limited liability company, Telecom argues, Nokia's failure to identify its members and their citizenship should be fatal to its Notice of Removal.
>
> The glaring problem with Telecom's argument is that Nokia indicated in its Notice that it is *wholly-owned* by NSN Holdings. That means that it has only one member. Because Nokia is wholly-owned by a Delaware corporation with a Delaware principal place of business, Nokia is deemed a corporate citizen of Delaware. Id. ("[t]racing citizenship through the layers" of single-member limited liability companies); R & R Capital v. Merritt, No. 07-2869, 2007 WL 3102961 at *5 (E.D.Pa. Oct. 23, 2007) ("[T]he citizenship of a limited liability company is determined like that of a limited partnership, by imputing to it the citizenship of its members.") (collecting cases).[1] Telecom, being a Washington corporation with a principal place of business in Texas, is deemed a citizen of both of those states. Therefore, I conclude that Nokia has sufficiently demonstrated that the parties are diverse.[2]

Opinion dated September 2, 2010 at 8-9.

Telecom argues, on its motion for reconsideration, that the Court erred in determining that a "wholly-owned" company has only one member. Under Delaware law, Telecom contends, an LLC may have members that do not possess ownership interests. Further, while acknowledging that Nokia, in fact, has only one member,

---

[1] Telecom also suggests that Nokia may be a citizen of Georgia because it lists its principal place of business as Atlanta on its Georgia foreign business registration form. See Neary Decl., ¶ 3; id., Exh. B. This does not alter my analysis because Nokia's LLC status dictates that its citizenship refers back to that of its sole member.

[2] For this reason, I reject Telecom's related argument that Nokia's failure to specifically state that diversity existed at the time the suit was filed is fatal. As noted, I conclude that Nokia's description of itself as "wholly-owned" made clear its citizenship status as of the date the suit was instituted.

3

Telecom argues that "[b]y failing to identify all of its *members,* as opposed to its owners, [Nokia] has incurably failed to properly and timely allege diversity so as to confer jurisdiction upon this Court." Telecom Open. Br. at 5 (emphasis in original).

## II.   Standard of Review

While the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999), the Local Civil Rules governing the District of New Jersey do provide for such review. See Light, N.J. Federal Practice Rules, Comment 6 to L.Civ.R. 7.1 (Gann 2008). Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten (10) business days after entry of an order. L. Civ. R. 7.1(i)[3]. The motion may not be used to relitigate old matters or argue new matters that could have been raised before the original decision was reached. See P. Schoenfeld Asset. Mgmt., L.L.C. v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001).

"The purpose of a motion for reconsideration is to correct manifest errors of law or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); Tecchio v. United States ex rel. Meola, Civ. Action No. 03-1529, 2004 WL 2827899, *1 (D.N.J. Oct. 24, 2003) (quoting same). The granting of a motion for reconsideration is

---

[3]   This rule was previously Local Civil Rule 7.1(g).

4

an extraordinary remedy and should be sparingly given by the court. Connolly v. Mitsui O.S.K. Lines (America), Inc., No. 04-5127, 2010 WL 715775, at *1 (D.N.J. Mar. 1, 2010) (citations omitted). Reconsideration is not appropriate where the motion raises only a party's disagreement with the court's initial decision. Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; (3) it is necessary to correct a clear error of law or prevent manifest injustice. See Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). In sum, it is improper on a motion for reconsideration to "ask the Court to rethink what it ha[s] already thought through—rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposite Co., 744 F.Supp. 1311, 1314 (D.N.J. 1990) (citations omitted). "The only proper ground for granting a motion for reconsideration, therefore, is that the matters or decisions overlooked, if considered by the court, might reasonably have altered the result reached ...." G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgage Corp. v. Cleland, 473 F.Supp. 409, 420 (S.D.N.Y. 1979)) (internal quotation marks omitted).

**III.   Discussion**

As an initial matter, the Court acknowledges its legal error in concluding that a wholly-owned subsidiary necessarily has only one member.[4] Telecom is correct that, under Delaware law, a limited liability company may have members that are not owners. See 6 Del.C. § 18-301; 6 Del.C. § 18-702. For this reason, the Court finds it appropriate to reconsider its ruling. However, as Telecom acknowledges, Nokia, in fact, has only one member. Therefore, the question is whether Nokia's failure to make pellucidly clear in its Notice of Removal that it had only member, although it did in fact have only one member, calls for a different result on this motion.

Under 28 U.S.C. § 1653, a removing party may amend its removal petition to clarify the basis for federal jurisdiction after the 30-day deadline for amendment has passed. USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 204 (3d Cir. 2003). The statute provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653, and is an exception to the rule that "federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989).

---

[4] Nokia argues that Telecom's motion for reconsideration was untimely filed by two days under the former Local Rule 7.1, which required that a motion to reconsideration be filed within ten (10) days. (Local Rule 7.1 has since been amended, with an effective date of October 17, 2010, to provide for a fourteen day time period within which to file a motin for reconsideration.) Contrary to Nokia's argument, the Court's order denying Telecom's motion for remand was filed on September 2, 2010, therefore, the motion for reconsideration should have been filed on September 13, 2010 because September 12, 2010 was a Sunday. See Fed. R. Civ. P. 6(a)(1)(C). Being late-filed by only one day, the Court declines to dismiss Telecom's motion solely on this basis.

Despite the existence of section 1653, Telecom argues that Nokia could not cure its pleading failure after the 30-day period, citing primarily to RJ Schinner Co. v. Georgia Pacific Corporation/Dixie Food Service, No. 07-C-0077, 2007 WL 2318513 (E.D.Wis. Aug. 09, 2007). The RJ Schinner opinion does not engage in any analysis of 28 U.S.C. § 1653, but simply states that "the defendant's failure to correct its failure to identify the citizenship of each member of the LLC withing [sic] the thirty-day period during which it was allowed to remove this case from the [state court], precludes a second notice of removal or amendment of the original notice of removal." Id. at *1. With no insight as to that court's reasoning for departing from the plain language of section 1653 and Third Circuit precedent, I do not find RJ Schinner persuasive.

More to the point, Nokia sought leave to amend its Notice of Removal to state that it had only one member. In that proposed amended notice, Nokia states that NSN Holdings, the member that wholly-owns Nokia, "at the time this action was removed to federal court [NSN Holdings] was, and still is, the sole member and only owner of NSN." In my view, Nokia's proposed amendment was akin to a technical correction clarifying that, not only is it wholly-owned by one member, but also that it has no other non-owning members. As noted by the Third Circuit in USX, "[s]ection 1653 gives . . . . district . . . courts the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts," 345 F.3d at 204. which language hails from the U.S. Supreme Court's opinion in Newman-Green. In that case, the Court held that section 1653 may be used in precisely the circumstance here where jurisdiction exists in fact but was not properly alleged. Id. at 831.

7

Furthermore, where a Notice of Removal was not amended within the 30-day amendment period, it is appropriate for a court to consider subsequently-filed affidavits or other proofs to determine whether jurisdiction existed at the time the Notice of Removal was filed.  See USX, 345 F.3d at 206.  Considering the proposed amendment here, I conclude that Nokia was a limited liability company organized and existing under the law of the State of Delaware, both at the time the Complaint was filed and at the time the action was removed to federal court.  Accordingly, while this Court made a legal error by assuming that Nokia's "wholly-owned" allegation in its original Notice of Removal explicitly stated that Nokia had only member, the Court's ruling that diversity jurisdiction existed at all relevant times was not error and the Court's denial of Telecom's motion to remand stands.

## IV.  Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for reconsideration but denies the requested relief of remanding the case to the Superior Court of New Jersey, Law Division, Somerset County.


Dated: January 20, 2011                      /s/ Freda L. Wolfson
                                             Honorable Freda L. Wolfson
                                             United States District Judge